UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br><br>                              Petitioner,<br><br>v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>                              Respondents. | Case No.:  3:20-cv-0938-LAB-LL<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a pretrial detainee at San Diego County Jail, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO SATISFY THE FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

**BASIS FOR PETITION**

Further, because Petitioner alleges in his current petition that he is in custody in the San Diego County Jail awaiting trial, 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, is the proper vehicle to challenge his detention.  While Petitioner alleges he is being held in

custody in violation of the United States Constitution, he is not currently in custody pursuant to a judgment of a state court. As the Ninth Circuit has stated:

> Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.]

*White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). Accordingly, if Petitioner seeks to challenge the constitutionality of his pre-trial detention, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254.

## ABSTENSION

In addition, the Court notes that, to the extent Petitioner challenges ongoing state criminal proceedings, the Court must generally abstain from hearing such challenges. Petitioner argues his defense counsel has been ineffective by, among other things, failing to ask proper questions during his preliminary hearing. (*See* Pet., ECF No. 1 at 3.) He also suggests the judge overseeing the criminal proceedings in his case is biased. (*See id.*)

"Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried." *Fritz v. City of Los Angeles*, 2012 WL 5197971, at *2 (C.D. Cal. Oct. 18, 2012) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-93 (1973)); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (as amended). However, as the Supreme Court has explained, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489.

   Principles of comity and federalism require federal courts to abstain from intervening in pending state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *Younger* abstention applies to both attempts to preclude and/or stay criminal prosecutions and attempts to obtain more limited or piecemeal intervention in state criminal actions. *See, e.g., Kugler v. Helfant*, 421 U.S. 117, 130 (1975) (explaining that Supreme Court precedent establishes that "at least in the absence of 'extraordinary circumstances' federal courts must refuse to intervene in state criminal proceedings to suppress the use of evidence claimed to have been obtained through unlawful means"); *Dubinka v. Judges of the Superior Court of Cal. for the Cty. of L.A.*, 23 F.3d 218, 223–26 (9th Cir. 1994) (concluding that a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

   Abstention principles generally require federal courts to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises an affirmative defense to a state prosecution unless (1) the state proceedings are being undertaken in bad faith or to harass, where there is no "hope of obtaining a valid conviction," or (2) "in other extraordinary circumstances where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (citation omitted); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-37 (1982). Irreparable injury alone, however, is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. *See Younger*, 401 U.S. at 46.

   In this case, abstention appears appropriate because all the *Younger* requirements are met. As noted, Petitioner's state criminal proceedings are ongoing. Petitioner is in pretrial custody on the criminal charges for which he is detained. Second the state's task of enforcing its laws against socially harmful conduct is "important and necessary," *Younger*, 401 U.S. at 51–52, and as such, the state proceedings implicate important state interests. Third, Petitioner has an adequate opportunity to raise his federal habeas claims
/ / /

in his pending state proceedings.  Lastly, there is nothing to indicate the circumstances of Petitioner's case fall within any recognized exception to the *Younger* doctrine.

## FAILURE TO ALLEGE A COGNIZABLE CLAIM ON FEDERAL HABEAS

Finally, the Court notes that it appears to the Court that a Petition for Writ of Habeas Corpus may not be the proper vehicle for all the claims Petitioner presents. Petitioner lists various problems he claims he is facing in jail.  In addition to allegations related to his criminal proceedings, Petitioner claims also he has been "denied access to the law library" and "denied photocopies" and "denied medical and mental healthcare and treatment."  (Pet., ECF No. 1 at 3–4.)  These claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement.  *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States.  Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  *See Preiser*, 411 U.S. at 488-500.  When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.  *Id.* at 500.  On the other hand, a § 1983 action is a proper remedy for a state detainee who is making a constitutional challenge to the conditions of his detention, but not to the fact or

length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). To the extent Petitioner challenges the conditions of his detention, but not the fact or length of his custody,[1] he has not stated cognizable habeas claims.

## CONCLUSION

For the reasons discussed above, the Petition is **DISMISSED** without prejudice. For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a blank 42 U.S.C. § 1983 complaint form.

**IT IS SO ORDERED.**

Dated: May 27, 2020

                                              Larry Alan Burns, Chief Judge
                                              United State District Court

---

[1] Petitioner currently has a 42 U.S.C. § 1983 complaint pending in this Court in *Buckelew v. Gore*, 20cv0158 WQH (JLB).